BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA DAVID HURWIT, IDAHO STATE BAR NO. 9527
SEAN M. MAZOROL, OREGON STATE BAR NO. 116398
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **RULE 11 PLEA AGREEMENT** |
| vs. | |
| 4 BROS DAIRY, INC., | |
| Defendant. | |

Rev. September 2019

I. **GUILTY PLEA**

A. **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Information, which charges the Defendant with Unlawful Discharge of Pollutant to Water of the United States, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this Agreement, the Government agrees not to initiate any further criminal charges against the Defendant for violating the Clean Water Act in February 2017 and, under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the range proposed by the United States Sentencing Commission Guidelines Manual ("USSG") as determined by the Court.

B. **Oath.** The Defendant's authorized corporate representative will be placed under oath at the plea hearing. The Government may use any statement that the Defendant's authorized corporate representative makes under oath against the Defendant in a prosecution for perjury or false statement.

II. **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

The Defendant waives the following rights by pleading guilty pursuant to this Agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3)

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Unlawful Discharge of Pollutant to Water of the United States, as charged in Count One, are as follows:

1. The defendant is a person;
2. The defendant discharged a pollutant;
3. The discharge was from a point source;
4. The discharge was into waters of the United States;
5. The discharged occurred without a permit; and
6. The defendant acted negligently.

B. **Factual Basis.** The Defendant admits the following facts are true:

The Clean Water Act, 33 U.S.C. § 1251, et seq., is the Nation's comprehensive water pollution control statute. The purpose of the Clean Water Act is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Clean Water Act, among other things, prohibits discharges of pollutants into waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System ("NPDES") by the United States Environmental Protection Agency ("EPA") or an authorized state. *See* 33 U.S.C. §§ 1311(a) and 1342.

4 Bros. Dairy, Inc. ("4 Bros.") is a dairy operation with its principal place of business located in Shoshone, Idaho. 4 Bros. has been a registered corporation with the State of Idaho

since 1987. Since at least February 1, 2017, and at all times relevant to the Information, 4 Bros. has operated a large concentrated animal feeding operation ("CAFO") at its dairy facility in Shoshone, Idaho, because it houses at least 1,000 head of cattle. 40 C.F.R. § 122.23(b)(4) & (6). Accordingly, the large CAFO itself is a point source and subject to permitting pursuant to the NPDES Program. Since at least February 1, 2017, and at all times relevant to the Information, however, 4 Bros. has not operated under a NPDES permit.

4 Bros. has several different wastewater lagoons in its facility that are adjacent to the Milner-Gooding Canal (the "Canal"). At all times relevant to the Information, the Canal was a water of the United States which flows to the Malad River, a traditional navigable water, and on to the Snake and Columbia Rivers. Wastewater lagoons are pond-like bodies of water or basins designed to receive, hold, and treat wastewater from the CAFO and are point sources. Since at least February 1, 2017, and at all times relevant to the Information, the wastewater lagoons on the 4 Bros. facility contained manure-laden wastewater, which is a pollutant.

The 2016-2017 winter season in Southern Idaho saw record precipitation, record snowpack, and significant flooding that resulted in a number of disaster declarations due to snow, flooding, and runoff volumes not seen for decades. It was during this unprecedented season that 4 Bros. discharged into the Canal.

The discharges into the Canal came from separate wastewater lagoons adjacent to the Canal located in the western and central potions of the 4 Bros. dairy facility ("West Discharge" and "Central Discharge," respectively). The West Discharge occurred on or about between February 20, 2017 and February 22, 2017: 4 Bros. used earth-moving equipment to cut open a berm and lined it with plastic to cause manure-laden wastewater from a lagoon to flow into the Canal. The Central Discharge occurred on or about between February 19, 2017, and February 20, 2017: 4 Bros. mechanically pumped manure-laden wastewater from a wastewater lagoon into the

Canal.

Another discharge occurred between approximately February 10, 2017 and February 23, 2017, when an area of the 4 Bros. dairy facility known as the east pivot catchment area ("East Discharge"), overtopped and inadvertently breached, spilling snowmelt and for several days potentially manure laden wastewater.

4 Bros' was aware of the East Discharge during that time, but did not attempt to repair the area until February 23, 2017, owing to soft ground caused by the inclement weather.

The three discharges described above, including failing to repair the East Discharge for fourteen days were negligent, not reasonable under the circumstances and amount to failures to exercise that degree of care which a person of ordinary prudence would exercise under similar circumstances.

## IV. SENTENCING FACTORS

A. **Penalties.** The crime of Unlawful Discharge of Pollutant to Water of the United States, as charged in Count One, is punishable by:

1. a term of probation of not more than five (5) years;
2. a minimum fine of $2,500 and a maximum fine of $25,000 per day of violation; and
3. a special assessment of $25.

B. **Fines and Costs.** The Court may impose a fine. The parties agree to jointly recommend a fine of $95,000, which amount the Defendant agrees to pay prior to or at the time of sentencing. The Court may also order the Defendant to pay the costs of probation.

C. **Special Assessment.** The Defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to:

The United States District Court, Clerk's Office
Federal Building and United States Courthouse

550 West Fort Street, Fourth Floor
Boise, Idaho 83724

**D.** **Restitution.** In addition to paying any fine and costs imposed, the Defendant also agrees to pay restitution equal to the full amount of loss caused to any victim. The Defendant agrees that all monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or otherwise). The Defendant agrees that the payment schedule or plan is neither the only method, nor a limitation on the methods, available for enforcing the judgment. It is simply a schedule or plan for minimum payments. The Defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor the Court can consider if the Defendant has accepted responsibility under U.S.S.G. § 3E1.1.

**V.  UNITED STATES SENTENCING GUIDELINES**

**A.  Application of Sentencing Guidelines.** The Government and the Defendant agree that the provisions of Chapter 8 of the United States Sentencing Guidelines, which pertain to fines imposed on organizational defendants, such as the Defendant, do not apply to environmental offenses, including Clean Water Act violations. *See* 18 U.S.C. §§ 3553 and 3572; U.S.S.G. §§ 8C2.1 and 8C2.10. The Government and the Defendant further agree that the remaining provisions of Chapter 8 of the Sentencing Guidelines apply to the Defendant. The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The Court is not a party to this Agreement and the Agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this Agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

## B. Sentencing Guidelines Recommendations and Requests.

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the Agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this Agreement.

2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3. **Downward Departure or Variance Request by Defendant.** If the Defendant wishes to seek a departure or variance, the Defendant must provide written notice to the Government, along with the reasons and basis therefore, 21 days before the date set for sentencing.

## VI. ENVIRONMENTAL COMPLIANCE

The Government and the Defendant agree that the terms of probation shall include the following special conditions, in addition to the Court's standard conditions:

A.  **No Further Violations.** The Defendant will commit no further violations of the Clean Water Act, or other federal, state, or local law, and shall conduct all of its operations in accordance with EPA regulations and with other federal, state and local environmental regulations.

B.  **NPDES Permit.** Defendant shall submit a Notice of Intent to seek coverage under the Idaho CAFO General NPDES Permit (2020) with the U.S. Environmental Protection Agency no later than ten days from the filing of this Plea Agreement. The Notice of Intent shall be submitted to:

> United States Environmental Protection Agency
> Region 10 Manager
> NPDES Permits Section
> 1200 Sixth Avenue, Suite 155, WD 19-C04
> Seattle, WA 98101-3188
>
> Idaho State Department of Agriculture
> 2270 Old Penitentiary Road
> P.O. Box 790
> Boise, ID 83701
>
> Idaho Department of Environmental Quality
> Water Quality Division
> IDEQ State Office
> 1410 N. Hilton
> Boise, Idaho 83706
>
> IDEQ Twin Falls Regional Office
> 1363 Fillmore St.
> Twin Falls, ID 83301

C.  **Access.** The Defendant agrees to provide the EPA, the Idaho Department of Environmental Quality (IDEQ), and the Idaho State Department of Agriculture (ISDA), and their respective authorized agents, upon reasonable notice, with full access to all offices, warehouses, and facilities owned or operated by Defendant, its principals, officers, agents, representatives, owners, employees or beneficiaries, engaged in the generation, storage, transportation, or modification, of any waste. As part of this Agreement, Defendant agrees to provide EPA, IDEQ,

and ISDA, and their authorized agents, access to all books and records produced or retained pursuant to the generation, storage, transportation, or modification, of any waste.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.  **Waiver:** In exchange for this Agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this Agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this Agreement, the Defendant will object at the time of sentencing; further objections are waived.

A.  **Exceptions:**

1.  **Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

    a.  the sentence imposed by the Court exceeds the statutory maximum;

    b.  the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

    c.  the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this Agreement completely waives all appellate rights.

    2.    **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide corporate financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this Agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete corporate financial statement within 14 days from the date the Defendant signs this Agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven (7) days of the event giving rise to the changed circumstances.

The Defendant authorizes the Government: (a) to inspect and copy all financial documents and information held by the United States probation office; and (b) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets outside the normal course of business without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## X. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this Agreement or the guilty plea, regardless of the Court's actions.

## XI. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this Agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this Agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction under this Agreement stand or vacating such conviction so that charge may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea made pursuant to this Agreement.

**B.   Defendant's Waiver of Rights.**  If the Defendant fails to keep any promise made in this Agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense to which the Defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this Agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   CIVIL LIABILITY

By entering into this Agreement, the Government does not compromise any civil liability the Defendant may have incurred or may incur as a result of the Defendant's conduct and plea of guilty to the charge in the Information or otherwise extend to individual persons not a party or signatory to this Agreement.

## XIII.   MISCELLANEOUS

**A.   No Other Terms.**  This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This Agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate Governmental entities other than that specified as the Government in this Agreement (i.e., the United States Attorney's Office for the District of Idaho).

**B.     Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this Agreement no later than September 9, 2020.

## XIV.    CORPORATE APPROVAL

**A.     Corporate Authorization.** The Defendant agrees that it is authorized to enter into this Agreement. At the time of signing by the Defendant's corporate representative below, the Defendant shall provide the Government with a written statement in the form of a corporate resolution certifying that it is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that the undersigned corporate representative is authorized to sign this Agreement and to obligate the corporation and affirm that all corporate formalities have been observed.

**B.     Application of the Agreement.** This Agreement shall bind the Defendant and its successors and assigns and parent companies. The Defendant and its successors-in-interest, if applicable, shall provide the Government and the United States Probation Office with immediate notice of any name change, corporate reorganization, issuance, termination, or revocation of permits, or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, termination or revocation of permits, or similar action shall alter the responsibilities of the defendant under this Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

## XV.    UNITED STATES' APPROVAL

I have reviewed this matter and the Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is

no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____          _9/24/20_____
JOSHUA D. HURWIT                              Date
SEAN M. MAZOROL
Assistants United States Attorney


## XVI. ACCEPTANCE BY DEFENDANT AND COUNSEL

On behalf of the Defendant, 4 Bros. Dairy, Inc., I am authorized to sign this Plea Agreement and to bind 4 Bros. Dairy, Inc. I have received this Plea Agreement from counsel for 4 Bros. Dairy, Inc., Scott McKay. I have read it and discussed with counsel all of its provisions, including those addressing the charge, sentencing, conditions of probation, and waiver, as well as the Implications of agreeing to the disposition set forth in the Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. I understand the Plea Agreement fully. On behalf of and with the express authorization of 4 Bros. Dairy, Inc., I hereby accept its terms and conditions and acknowledge that it constitutes the Plea Agreement between the parties. 4 Bros. Dairy, Inc., understands that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. 4 Bros. Dairy, Inc., wants to plead guilty pursuant to this Plea Agreement.

by _____ SEC-TRES          _9-8-20_____
As Authorized Corporate                                              Date
Representative for 4 Bros. Dairy, Inc.

I have read this Agreement and have discussed the contents of the Agreement with the authorized corporate representative of 4 Bros. Dairy, Inc. This document accurately sets forth the entirety of the Agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this Agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is no longer valid and is rescinded. My client, 4 Bros. Dairy, Inc. understands this Plea Agreement fully and wants to plead guilty. I concur in my client's decision to plead guilty as set forth above.

_____   9/9/2020
SCOTT McKAY                 Date
Attorney for the Defendant