BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA DAVID HURWIT, IDAHO STATE BAR NO. 9527
SEAN M. MAZOROL, OREGON STATE BAR NO. 116398
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00216-BLW |
| Plaintiff, | **AMENDED RULE 11 PLEA AGREEMENT** |
| vs. | |
| ANDREW FITZGERALD, | |
| Defendant. | |

Rev. September 2019

## I.   GUILTY PLEA

**A.   <u>Summary of Terms.</u>** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Information, which charges the Defendant with Unlawful Discharge of Pollutant to Water of the United States, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this Agreement, the Government agrees not to initiate any further criminal charges against the Defendant for violating the Clean Water Act in February 2017 and, under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the range proposed by the United States Sentencing Commission Guidelines Manual ("USSG") as determined by the Court.

**B.   <u>Oath.</u>** The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this Agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

**Amended Plea Agreement**                    1                    Rev. September 2019

right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant.  If the Court accepts the Defendant's guilty plea, there will be no trial.

## III.  NATURE OF THE CHARGES

A.   **Elements of the Crime.**  The elements of the crime of Unlawful Discharge of Pollutant to Water of the United States, as charged in Count One, are as follows:

1.   The defendant is a person;

2.   The defendant discharged a pollutant;

3.   The discharge was from a point source;

4.   The discharge was into waters of the United States;

5.   The discharged occurred without a permit; and

6.   The defendant acted negligently.

B.   **Factual Basis.**   The Defendant admits the following facts are true:

The Clean Water Act, 33 U.S.C. § 1251, et seq., is the Nation's comprehensive water pollution control statute.  The purpose of the Clean Water Act is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).  The Clean Water Act, among other things, prohibits discharges of pollutants into waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System ("NPDES") by the United States Environmental Protection Agency ("EPA") or an authorized state.  *See* 33 U.S.C. §§ 1311(a) and 1342.

4 Bros. Dairy, Inc. ("4 Bros.") is a dairy operation with its principal place of business located near Shoshone, Idaho.  4 Bros. has been a registered corporation with the State of Idaho since 1987.  Andrew Fitzgerald is the registered agent of 4 Bros. and serves as a principal owner,

shareholder, and supervisor of the company. Since at least February 1, 2017, and at all times relevant to the Information, 4 Bros. has operated a large concentrated animal feeding operation ("CAFO") at its dairy facility near Shoshone, Idaho, because it houses at least 1,000 head of cattle. 40 C.F.R. § 122.23(b)(4) & (6). Accordingly, the large CAFO itself is a point source and subject to permitting pursuant to the NPDES Program. Since at least February 1, 2017, and at all times relevant to the Information, however, 4 Bros. has not operated under a NPDES permit.

4 Bros. has several different wastewater lagoons in its facility that are adjacent to the Milner-Gooding Canal (the "Canal"). At all times relevant to the Information, the Canal was a water of the United States which flows to the Malad River, a traditional navigable water, and on to the Snake and Columbia Rivers. Wastewater lagoons are pond-like bodies of water or basins designed to receive, hold, and treat wastewater from the CAFO. Since at least February 1, 2017, and at all times relevant to the Information, the wastewater lagoons on the Four Bros. facility contained manure-laden wastewater, which is a pollutant.

The 2016-2017 winter season in Southern Idaho saw record precipitation, record snowpack, and significant flooding that resulted in a number of disaster declarations due to snow, flooding, and runoff volumes not seen for decades. It was during the unprecedented season that 4 Bros. discharged into the Canal.

Between on or about February 10, 2017, and on or about February 23, 2017, Defendant, acting as the principal owner, shareholder, and supervisor over the Four Bros. dairy facility, negligently discharged manure-laden wastewater into the Canal. The discharge of manure-laden wastewater into the Canal came from a catchment area adjacent to the Canal in the eastern portion of the Four Bros. facility ("East Discharge"). Specifically, on February 10, 2017, the catchment area overtopped, inadvertently breached, and in the days that followed, discharged run-on snowmelt and, later, snowmelt along with entrained manure into the Canal.

Defendant was aware of the East Discharge during that time, but did not attempt to repair the lagoon until February 23, 2017, owing to soft ground caused by inclement weather. Failing to repair the East Discharge for fourteen days was not reasonable under the circumstances and amounts to a failure to exercise that degree of care which a person of ordinary prudence would exercise under similar circumstances.

## IV.     SENTENCING FACTORS

A.     **Penalties.** The crime of Unlawful Discharge of Pollutant to Water of the United States, as charged in Count One, is punishable by:

1.     a term of imprisonment of not more than one (1) year;

2.     a term of supervised release of not more than one (1) years;

3.     a term of probation of not more than five (5) years;

4.     a minimum fine of $2,500 and a maximum fine of $25,000 per day of violation; and

5.     a special assessment of $25.

B.     **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

C.     **Fines and Costs.** The Court may impose a fine. The parties agree to jointly recommend a fine of $35,000, which amount Defendant agrees to pay prior to or at the time of sentencing. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

**D.**     <u>**Special Assessment.**</u>  The Defendant will pay the special assessment before

sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

**E.**     <u>**Restitution.**</u>  In addition to paying any forfeiture, fine, and costs imposed, the

Defendant also agrees to pay restitution equal to the full amount of loss caused to any victim.  The

Defendant agrees that all monetary penalties imposed by the Court, including restitution, will be

due immediately and can immediately be enforced by the Government (whether through 18

U.S.C. § 3613 or otherwise).   The Defendant agrees that the payment schedule or plan is neither

the only method, nor a limitation on the methods, available for enforcing the judgment.  It is

simply a schedule or plan for minimum payments.   The Defendant is aware that voluntary

payment of restitution prior to adjudication of guilt is a factor the Court can consider if the

Defendant has accepted responsibility under U.S.S.G.  § 3E1.1.

**V.**     **UNITED STATES SENTENCING GUIDELINES**

**A.**     <u>**Application of Sentencing Guidelines.**</u>  The Court must consider the U.S.S.G. in

determining an appropriate sentence under 18 U.S.C. § 3553.  The defendant agrees that the Court

may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this Agreement and the Agreement does not bind the Court's

determination of the U.S.S.G. range.  The Court will identify the factors that will determine the

sentencing range under the U.S.S.G.  The Court has complete discretion to impose any lawful

sentence, including the maximum sentence possible.

Recognizing that this Agreement does not bind the Court, the parties agree to the

recommendations and requests set forth below.

**B.**     <u>**Sentencing Guidelines Recommendations and Requests.**</u>

**Amended Plea Agreement**                    5                    <span style="font-size:small">Rev. September 2019</span>

1.     **Government's Statements at Sentencing.**  The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation.  The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the Agreement or the pre-sentence investigation report contain this information.   Any exception must be specified in this Agreement.

2.     **Acceptance of Responsibility.**  If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a).  The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  If, before sentence is imposed, the Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3.     **Downward Departure or Variance Request by Defendant.**  If the Defendant wishes to seek a departure or variance, the Defendant must provide written notice to the Government, along with the reasons and basis therefore, 21 days before the date set for sentencing.

4.     **Sentencing Recommendation by the Government.**  Provided that the defendant pleads guilty and accepts responsibility as described herein, the government agrees that the following sentencing calculation under the Unites States Sentencing Guidelines applies and agrees to recommend a sentence of probation:

a.     The base offense level is six (6), per USSG § 2Q1.3;

      b.     A four (4) level increase is appropriate, per USSG § 2Q1.3(b)(4) for discharging without a permit;

      c.     A two (2) level decrease is appropriate under USSG § 3E1.1(a) for acceptance of responsibility;

      d.     The total adjusted offense level is eight (8), criminal history category I, leading to an advisory guideline range of 0 to 6 months.

## VI.    WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

**A.**    **Waiver:**  In exchange for this Agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution.  This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this Agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this Agreement, the Defendant will object at the time of sentencing; further objections are waived.

**A.**    **Exceptions:**

      1.    **Direct Appeal:**  Notwithstanding subparagraph A, the Defendant may  file one direct appeal if one of the following unusual circumstances occurs:

      a.     the sentence imposed by the Court exceeds the statutory maximum;

b.     the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

c.     the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this Agreement completely waives all appellate rights.

2.     **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this Agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## VIII.   DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this

Agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later.  The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances.  The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1, as well as other things.

The Defendant authorizes the Government:  (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit.  If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## IX.    NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing.  The Defendant cannot withdraw from this Agreement or the guilty plea, regardless of the Court's actions.

## X.    CONSEQUENCES OF VIOLATING AGREEMENT

**A.    Government's Options.**  If the Defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation:  1) to make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this Agreement.  Such charges may be brought without prior notice.  If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this Agreement in its entirety.  In

addition, if the Government determines after sentence is imposed that the Defendant's breach of

the Agreement warrants further prosecution, the Government may choose between letting the

conviction under this Agreement stand or vacating such conviction so that charge may be re-

prosecuted.

The Government's election to pursue any of the above options provides no basis for the

Defendant to withdraw the guilty plea made pursuant to this Agreement.

**B.**      **Defendant's Waiver of Rights.**  If the Defendant fails to keep any promise made

in this Agreement, the Defendant gives up the right not to be placed twice in jeopardy for the

offense to which the Defendant entered a plea of guilty or which were dismissed under this

Agreement.  In addition, for any charge that is brought as a result of the Defendant's failure to

keep this Agreement, the Defendant gives up:  (1) any right under the Constitution and laws of the

United States to be charged or tried in a more speedy manner; and (2) the right to be charged

within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will

move to continue the trial now set to allow the Government adequate time to prepare.  The

Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be

excludable time under 18 U.S.C. § 3161(h).

**XI.     MISCELLANEOUS**

**A.      No Other Terms.**  This Agreement is the complete understanding between the

parties, and no other promises have been made by the Government to the Defendant or to the

attorney for the Defendant.  This Agreement does not prevent any Governmental agency from

pursuing civil or administrative actions against the Defendant or any property.  Unless an

exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does

not bind or obligate Governmental entities other than that specified as the Government in this Agreement (i.e., the United States Attorney's Office for the District of Idaho).

**B.** **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this Agreement no later than September 9, 2020.

## XII.   UNITED STATES' APPROVAL

I have reviewed this matter and the Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____            _____10/26/20_____
JOSHUA D. HURWIT                                          Date
SEAN M. MAZOROL
Assistants United States Attorney

## XIII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have carefully reviewed every part of this Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer

or agreement made before this Agreement is no longer valid and is rescinded.  In addition, no one

has threatened or coerced me to do, or to refrain from doing, anything in connection with this

case, including entering a guilty plea.  I am satisfied with my attorney's advice and representation

in this case.

_____          10-23-20
ANDREW FITZGERALD                          _____
Defendant                                  Date

     I have read this Agreement and have discussed the contents of the Agreement with my

client.  This document accurately sets forth the entirety of the Agreement.  I have conveyed all

written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 132 S. Ct.

1399, 1408-09 (2012).  I understand that this Agreement is a formal plea offer from the

Government.  Any oral discussions between the Government and me or my client about a plea do

not constitute a plea offer.  Any written offer or agreement made before this Agreement is no

longer valid and is rescinded.  I concur in my client's decision to plead guilty as set forth above.

_____          10/23/20
SCOTT McKAY                                _____
Attorney for the Defendant                 Date